**E-FILED**
Friday, 07 January, 2005  01:32:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NECA-IBEW WELFARE TRUST FUND, and NECA-IBEW PENSION TRUST FUND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| MELTON ELECTRIC CO., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

### COUNT I–WELFARE AUDIT LIABILITY

NOW COMES Plaintiff, NECA-IBEW WELFARE TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, MELTON ELECTRIC CO., and alleges as follows:

1.      This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2.      The Plaintiff, NECA-IBEW WELFARE TRUST FUND, is an employee benefit plan administered pursuant to the terms and provisions of the Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq.  The address and place of business of the Plaintiff is NECA-IBEW WELFARE TRUST FUND, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3.      That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Section 102 (5), (11), (12) and (14).  Defendant employs bargaining unit

-1-

individuals who are members of, and represented by Local Union No. 34 International Brotherhood
of Electrical Workers, and said individuals are participants in Plaintiff's employee benefit fund,
pursuant to a Motor Shop Agreement.  A copy of the Motor Shop Agreement, in pertinent part, is
attached hereto and incorporated herein as **Exhibit A**.

4.       Defendant entered into a Motor Shop Agreement, and all amendments thereto, which
obligates it to make fringe benefit contributions to the aforementioned Plaintiff Fund.

5.       Defendant also employs non-bargaining unit employees who are participants in
Plaintiff's employee benefit fund pursuant to a separate Participation Agreement.  A copy of the
Participation Agreement is attached hereto and incorporated herein as **Exhibit B**.

6.       The Defendant's address is Bartonville, Illinois 61607.

7.       Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29,
§1145), the Defendant is required to make contributions to the Plaintiff Fund in accordance with the
terms and conditions of the Fund's Agreement and Declaration of Trust.  Said Agreement and
Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as **Exhibit C**.

8.       Said Participation Agreement and Agreement and Declaration of Trust authorize and
empower the Plaintiff to examine the payroll books and records of the Defendant to determine
whether it is making full payment as required under the respective Agreements between the parties.

9.       Pursuant to such Participation Agreement and Agreement and Declaration of Trust,
Plaintiff engaged the accounting firm of BKD, LLP, to examine the payroll records of the
Defendant.

10.      That pursuant to such Participation Agreement and Agreement and Declaration of
Trust, said accounting firm of BKD, LLP, has determined that Defendant owes Plaintiff delinquent
contributions and liquidated damages for the period of May 1, 2002 through May 31, 2004, in the

-2-

total amount of $40,056.00.  The payroll compliance audit of BKD, LLP, is attached hereto and incorporated herein as **Exhibit D.**

11.    That Plaintiff has made demand upon Defendant for the payroll compliance audit liability due, but Defendant has failed to fully satisfy said demand.  A balance of $3,793.00 remains unpaid.  The demand is attached hereto and incorporated herein as **Exhibit E.**

12.    That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreement and Declaration of Trust, the Defendant is liable for reasonable attorneys fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees.  Attached hereto and incorporated herein as **Exhibit F** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $5,228.16 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A.    For a Judgment in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND, and against Defendant, MELTON ELECTRIC CO., in the amount of $3,793.00 for delinquent contributions and liquidated damages for the period of May 1, 2002 through May 31, 2004;

B.    That Defendant be decreed to pay the Plaintiff Fund its reasonable attorney fees in the amount of $5,228.16 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declaration of Trust;

C.    That Defendant be specifically required to perform and continue to perform all of its obligations to the Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required contribution reports and payments heretofore referred to;

D.    That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

E.    That Plaintiff Fund be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

-3-

## COUNT II–PENSION AUDIT LIABILITY

NOW COMES Plaintiff, NECA-IBEW PENSION TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, MELTON ELECTRIC CO., and alleges as follows:

1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2.    The Plaintiff, NECA-IBEW PENSION TRUST FUND, is an employee benefit plan administered pursuant to the terms and provisions of the Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq.  The address and place of business of the Plaintiff is NECA-IBEW PENSION TRUST FUND, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3.    That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Section 102 (5), (11), (12) and (14).  Defendant employs bargaining unit individuals who are members of, and represented by Local Union No. 34 International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiff's employee benefit fund, pursuant to a Motor Shop Agreement.  A copy of the Motor Shop Agreement, in pertinent part, is attached hereto and incorporated herein as **Exhibit A**.

4.    Defendant entered into a Motor Shop Agreement, and all amendments thereto, which obligates it to make fringe benefit contributions to the aforementioned Plaintiff Fund.

5.    Defendant also employs non-bargaining unit employees who are participants in Plaintiff's employee benefit fund pursuant to a separate Participation Agreement.  A copy of the Participation Agreement is attached hereto and incorporated herein as **Exhibit B**.

-4-

6.     The Defendant's address is Bartonville, Illinois 61607.

7.     Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, §1145), the Defendant is required to make contributions to the Plaintiff Fund in accordance with the terms and conditions of the Fund's Agreement and Declaration of Trust.  Said Agreement and Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as **Exhibit G**.

8.     Said Participation Agreement and Agreement and Declaration of Trust authorize and empower the Plaintiff to examine the payroll books and records of the Defendant to determine whether it is making full payment as required under the respective Agreements between the parties.

9.     Pursuant to such Participation Agreement and Agreement and Declaration of Trust, Plaintiff engaged the accounting firm of BKD, LLP, to examine the payroll records of the Defendant.

10.    That pursuant to such Participation Agreement and Agreement and Declaration of Trust, said accounting firm of BKD, LLP, has determined that Defendant owes Plaintiff delinquent contributions and liquidated damages for the period of May 1, 2002 through May 31, 2004, in the total amount of $11,438.00.  The payroll compliance audit of BKD, LLP, is attached hereto and incorporated herein as **Exhibit H**.

11.    That Plaintiff has made demand upon Defendant for the payroll compliance audit liability due, but Defendant has failed to fully satisfy said demand.  A balance of $2,353.00 remains unpaid.  The demand is attached hereto and incorporated herein as **Exhibit E**.

12.    That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreement and Declaration of Trust, the Defendant is liable for reasonable attorney fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees.  Attached hereto and incorporated herein as **Exhibit F** is the Affidavit of James P. Moody in support of his request

-5-

for attorney fees in the amount of $5,228.16 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A.    For a Judgment in favor of Plaintiff, NECA-IBEW PENSION TRUST FUND, and against Defendant, MELTON ELECTRIC CO., in the amount of $2,353.00 for delinquent contributions and liquidated damages for the period of May 1, 2002 through May 31, 2004;

B.    That Defendant be decreed to pay the Plaintiff Fund its reasonable attorney fees in the amount of $5,228.16 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declarations of Trust;

C.    That Defendant be specifically required to perform and continue to perform all of its obligations to the Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required contribution reports and payments heretofore referred to;

D.    That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

E.    That Plaintiff Fund be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT III–WELFARE LIQUIDATED DAMAGES AND INTEREST

NOW COMES Plaintiff, NECA-IBEW WELFARE TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, MELTON ELECTRIC CO., and allege as follows:

1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2.    The Plaintiff, NECA-IBEW WELFARE TRUST FUND, is an employee benefit plan, administered pursuant to the terms and provisions of the Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor

Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq.  The address and place of business of the Plaintiff is NECA-IBEW WELFARE TRUST FUND, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3.      That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Section 102 (5), (11), (12) and (14).  Defendant employs bargaining unit individuals who are members of, and represented by Local Union No. 34 International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiff's employee benefit fund, pursuant to a Motor Shop Agreement.  A copy of the Motor Shop Agreement, in pertinent part, is attached hereto and incorporated herein as **Exhibit A**.

4.      Defendant entered into a Motor Shop Agreement, and all amendments thereto, which obligates it to make fringe benefit contributions to the aforementioned Plaintiff Fund.

5.      Defendant also employs non-bargaining unit employees who are participants in Plaintiff's employee benefit fund pursuant to a separate Participation Agreement.  A copy of the Participation Agreement is attached hereto and incorporated herein as **Exhibit B**.

6.      The Defendant's address is Bartonville, Illinois 61607.

7.      Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, §1145), the Defendant is required to make contributions to the Plaintiff Fund in accordance with the terms and conditions of the Fund's Agreement and Declaration of Trust.  Said Agreement and Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as **Exhibit C**.

8.      Pursuant to ARTICLE V, Section 3, of the Agreement and Declaration of Trust of Plaintiff, NECA-IBEW WELFARE TRUST FUND, the Trustees may require that the Employer shall be additionally liable for liquidated damages in the aggregate sum of $50.00 per month on each monthly report that is not received by the 15th of the month up to a maximum of $500.00; plus twice

-7-

the prime interest rate on the amount of each month's delinquent contributions, compounded monthly.

9.    Defendant, MELTON ELECTRIC CO., has failed and refused to submit penalties and interest due in the amount of $13,563.89 as a result of continuous late reporting of contributions to Plaintiff Fund, NECA-IBEW WELFARE TRUST FUND, for the months of September 2002 through May 2004.

10.    That Plaintiff Fund has made demand upon the Defendant for the amounts owed, but Defendant has refused to satisfy said demand.  The demand is attached hereto and incorporated herein as **Exhibit E.**

11.    That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreement and Declaration of Trust, the Defendant is liable for reasonable attorney fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees.  Attached hereto and incorporated herein as **Exhibit F** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $5,228.16 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A.    For a Judgment in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND and against Defendant, MELTON ELECTRIC CO., in the amount of $13,563.89 in penalties and interest assessed due to the continuous late reporting of contributions;

B.    That Defendant be decreed to pay the Plaintiff Fund its reasonable attorney fees in the amount of $5,228.16 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declaration of Trust;

C.    That Defendant be specifically required to perform and continue to perform all of its obligations to the Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required

-8-

contribution reports and payments heretofore referred to;

      D.     That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

      E.     That Plaintiff Fund be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT IV–PENSION LIQUIDATED DAMAGES AND INTEREST

NOW COMES Plaintiff, NECA-IBEW PENSION TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, MELTON ELECTRIC CO., and alleges as follows:

      1.     This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

      2.     The Plaintiff, NECA-IBEW PENSION TRUST FUND, is an employee benefit plan administered pursuant to the terms and provisions of the Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. The address and place of business of the Plaintiff is NECA-IBEW PENSION TRUST FUND, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

      3.     That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Section 102 (5), (11), (12) and (14). Defendant employs bargaining unit individuals who are members of, and represented by Local Union No. 34 International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiff's employee benefit fund, pursuant to a Motor Shop Agreement. A copy of the Motor Shop Agreement, in pertinent part, is attached hereto and incorporated herein as **Exhibit A**.

      4.     Defendant entered into a Motor Shop Agreement, and all amendments thereto, which

obligates it to make fringe benefit contributions to the aforementioned Plaintiff Fund.

5.    Defendant also employs non-bargaining unit employees who are participants in Plaintiff's employee benefit fund pursuant to a separate Participation Agreement. A copy of the Participation Agreement is attached hereto and incorporated herein as **Exhibit B**.

6.    The Defendant's address is Bartonville, Illinois 61607.

7.    Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, §1145), the Defendant is required to make contributions to the Plaintiff Fund in accordance with the terms and conditions of the Fund's Agreement and Declaration of Trust. Said Agreement and Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as **Exhibit G**.

8.    Pursuant to ARTICLE V, Section 4, of the Agreement and Declaration of Trust of Plaintiff, NECA-IBEW PENSION TRUST FUND, the Trustees may require that the Employer shall be additionally liable for liquidated damages in the aggregate sum of $50.00 per month on each monthly report that is not received by the 15th of the month up to a maximum of $500.00; plus twice the prime interest rate on the amount of each month's delinquent contributions, compounded monthly.

9.    Defendant, MELTON ELECTRIC CO., has failed and refused to submit penalties and interest due in the amount of $11,243.60 as a result of continuous late reporting of contributions to Plaintiff Fund, NECA-IBEW PENSION TRUST FUND, for the months of September 2002 through April 2004.

10.    That Plaintiff Fund has made demand upon the Defendant for the amounts owed, but Defendant has refused to satisfy said demand. The demand is attached hereto and incorporated herein as **Exhibit E.**

11.    That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreement and Declaration

-10-

of Trust, the Defendant is liable for reasonable attorneys fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. Attached hereto and incorporated herein as **Exhibit F** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $5,228.16 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A.    For a Judgment in favor of Plaintiff, NECA-IBEW PENSION TRUST FUND, and against Defendant, MELTON ELECTRIC CO., in the amount of $11,243.60 in penalties and interest assessed due to the continuous late reporting of contributions;

B.    That Defendant be decreed to pay the Plaintiff Fund its reasonable attorney fees in the amount of $5,228.16 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declaration of Trust;

C.    That Defendant be specifically required to perform and continue to perform all of its obligations to the Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required contribution reports and payments heretofore referred to;

D.    That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

E.    That Plaintiff Fund be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT V–WELFARE REPORTING FORMS

NOW COMES  Plaintiff, NECA-IBEW WELFARE TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, MELTON ELECTRIC CO., and allege as follows:

1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2.      The Plaintiff, NECA-IBEW WELFARE TRUST FUND, is an employee benefit plan administered pursuant to the terms and provisions of the Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq.  The address and place of business of the Plaintiff is NECA-IBEW WELFARE TRUST FUND, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3.      That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Section 102 (5), (11), (12) and (14).  Defendant employs bargaining unit individuals who are members of, and represented by Local Union No. 34 International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiff's employee benefit fund, pursuant to a Motor Shop Agreement.  A copy of the Motor Shop Agreement, in pertinent part, is attached hereto and incorporated herein as **Exhibit A**.

4.      Defendant entered into a Motor Shop Agreement, and all amendments thereto, which obligates it to make fringe benefit contributions to the aforementioned Plaintiff Fund.

5.      Defendant also employs non-bargaining unit employees who are participants in Plaintiff's employee benefit fund pursuant to a separate Participation Agreement.  A copy of the Participation Agreement is attached hereto and incorporated herein as **Exhibit B**.

6.      The Defendant's address is Bartonville, Illinois 61607.

7.      Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, §1145), the Defendant is required to make contributions to the Plaintiff Fund in accordance with the terms and conditions of the Fund's Agreement and Declaration of Trust.  Said Agreement and Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as **Exhibit C**.

8.      Defendant, MELTON ELECTRIC CO., has failed and refused to submit contribution

-12-

2:05-cv-02004-MPM-DGB    # 1    Page 13 of 18

reporting forms and applicable contributions to the Plaintiff Funds for the months of June through October 2004.

9.    That Plaintiff Fund has made demand upon the Defendant for the contributions and reporting forms, but Defendant has refused to satisfy said demand.  A copy of the demand is attached hereto and incorporated herein as **Exhibit E**.

10.    That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreement and Declaration of Trust, the Defendant is liable for reasonable attorneys fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees.  Attached hereto and incorporated herein as **Exhibit F** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $5,228.16 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A.    That Defendant, MELTON ELECTRIC CO., be ordered to remit contribution reporting forms for the months of June through October 2004 to Plaintiff;

B.    For a Judgment in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND and against Defendant, MELTON ELECTRIC CO., for delinquent contributions for the months of June through October 2004;

C.    That Defendant be decreed to pay the Plaintiff Fund its reasonable attorney fees in the amount of $5,228.16 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declarations of Trust;

D.    That Defendant be specifically required to perform and continue to perform all of its obligations to the Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required contribution reports and payments heretofore referred to;

E.    That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

-13-

F.     That Plaintiff Fund be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT VI–PENSION REPORTING FORMS

NOW COMES  Plaintiff, NECA-IBEW PENSION TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, MELTON ELECTRIC CO., and allege as follows:

1.     This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2.     The Plaintiff, NECA-IBEW PENSION TRUST FUND, is an employee benefit plan administered pursuant to the terms and provisions of the Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq.  The address and place of business of the Plaintiff is NECA-IBEW PENSION TRUST FUND, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3.     That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Section 102 (5), (11), (12) and (14).  Defendant employs bargaining unit individuals who are members of, and represented by Local Union No. 34 International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiff's employee benefit fund, pursuant to a Motor Shop Agreement.  A copy of the Motor Shop Agreement, in pertinent part, is attached hereto and incorporated herein as **Exhibit A**.

4.     Defendant entered into a Motor Shop Agreement, and all amendments thereto, which obligates it to make fringe benefit contributions to the aforementioned Plaintiff Fund.

5.     Defendant also employs non-bargaining unit employees who are participants in

-14-

Plaintiff's employee benefit fund pursuant to a separate Participation Agreement. A copy of the Participation Agreement is attached hereto and incorporated herein as **Exhibit B**.

6.      The Defendant's address is Bartonville, Illinois 61607.

7.      Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, §1145), the Defendant is required to make contributions to the Plaintiff Fund in accordance with the terms and conditions of the Fund's Agreement and Declaration of Trust. Said Agreement and Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as **Exhibit G**.

8.      Defendant, MELTON ELECTRIC CO., has failed and refused to submit contribution reporting forms and applicable contributions to the Plaintiff for the months of June through October 2004.

9.      That Plaintiff Fund has made demand upon the Defendant for the contributions due, but Defendant has refused to satisfy said demand. A copy of the demand is attached hereto and incorporated herein as **Exhibit E**.

10.     That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreement and Declaration of Trust, the Defendant is liable for reasonable attorneys fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. Attached hereto and incorporated herein as **Exhibit F** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $5,228.16 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A.      That Defendant, MELTON ELECTRIC CO., be ordered to remit contribution reporting forms for the months of June through October 2004 to Plaintiff;

B.      For a Judgment in favor of Plaintiff, NECA-IBEW PENSION TRUST FUND, and against Defendant, MELTON ELECTRIC CO., for delinquent contributions for the months of June

through October 2004;

      C.     That Defendant be decreed to pay the Plaintiff Fund its reasonable attorney fees in the amount of $5,228.16 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiff's Agreement and Declarations of Trust;

      D.     That Defendant be specifically required to perform and continue to perform all of its obligations to the Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required contribution reports and payments heretofore referred to;

      E.     That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

      F.     That Plaintiff Fund be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

NECA-IBEW WELFARE TRUST FUND and
NECA-IBEW PENSION TRUST FUND,
Plaintiffs,

By: _____ s/ James P. Moody _____
          JAMES P. MOODY
          **CAVANAGH & O'HARA**
          407 East Adams
          P. O. Box 5043
          Springfield, IL  62705
          Telephone:  (217) 544-1771
          Facsimile:  (217) 544-5236
          jim@cavanagh-ohara.com

F:\files\NECA-IBE\DELIQ\Melton Electric Co\Complaint.ALD.DEL.wpd

# CIVIL COVER SHEET

JS – 44
(Rev. 3/99)

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
NECA-IBEW Welfare Trust Fund and
NECA-IBEW Pension Trust Fund

## DEFENDANTS
Melton Electric Co.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Macon__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Peoria__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cavanagh & O'Hara
407 East Adams Street
Springfield, IL  62701         (217) 544-1771

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br><br>**PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/ Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
E.R.I.S.A., 29 U.S.C. Sec. 1145

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $ 36,181.65 + unknown amounts
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
January 5, 2005

SIGNATURE OF ATTORNEY OF RECORD
s/ James P. Moody

JS 44 Reverse
(Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS — 44
## Authority For Civil Cover Sheet

The JS — 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs — Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a),F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS -- 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS — 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.