AGREEMENT AND DECLARATION OF TRUST
OF
NECA-IBEW WELFARE TRUST FUND

WHEREAS, an Agreement and Declaration of Trust was entered into the 21st day of November, 1955, by and between the DECATUR DIVISION, the SPRINGFIELD DIVISION, the PEORIA DIVISION, the CHAMPAIGN DIVISION and the DANVILLE DIVISION of the ILLINOIS CHAPTER of the NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION: DECATUR LOCAL 146, SPRINGFIELD LOCAL 193, PEORIA LOCAL 34, CHAMPAIGN LOCAL 601, and DANVILLE LOCAL 538, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and WARREN DECATUR, GEORGE CAST, JR., HARRISON F. BLADES, A. C. KOHLI, MELVIN WILLIAMS, FLOYD SNYDER AND WILLIAM AHLENIUS, who with their successors designated in the manner herein provided are hereinafter called the "Trustees".

WHEREAS, the original Agreement has been amended from time to time; and

WHEREAS, the Trustees desire that said Agreement and Declaration of Trust be amended and restated;

NOW, THEREFORE, by virtue of the authority vested in them by Article XVII of the Agreement and Declaration of Trust of the NECA-IBEW WELFARE TRUST FUND the Trustees hereby amend the Agreement and Declaration of Trust effective _____ and, as amended, restate it as follows:

ARTICLE I

NAME OF THE TRUST

The Trust maintained hereunder shall be known as the NECA-IBEW WELFARE TRUST FUND and the business and affairs of the Trust shall be conducted in that name, and the Welfare Fund may sue or be sued in that name.

ARTICLE II

DEFINITIONS

Section 1.   The term "Association" shall mean any Association of Electrical Contractors and/or Chapter of the National Electrical Contractors Association, Inc., who becomes party to or bound by this Agreement.

EXHIBIT
C

Section 4.   Contributions by Participating Employers to the Trust Fund shall be paid monthly, on or before the 15th day of the month following the month for which they are due. Contributions shall be paid by check, draft or money order, drawn to the order of the Trust, and shall be mailed, together with duplicate statements as hereinafter provided, to the Fund Office.

Section 5.   Statements accompanying monthly contributions shall be made on a form furnished by the Trustees, and shall contain such information as the Trustees may deem reasonable and necessary to compute the amount of the contribution due from each Participating Employer and the eligibility of employees for benefits.

Section 6.   If any Participating Employer fails to make the required contribution on or before the day it is due, the Trustees then may:

(a)   Apply any surplus monies in the Trust Fund for the account of said Participating Employer, without prejudice to the right of the Trustees to collect the payment in default, plus the cost and expense of said collection; or

(b)   Receive payment of the amount in default from a third party and subrogate their rights to collect the payment in default, plus the cost and expense of said collection to said third party; or

(c)   Institute, prosecute or intervene in such judicial proceedings as may be necessary or desirable to accomplish the collection of the contributions of a defaulting Participating Employer.

ARTICLE V

COLLECTION OF EMPLOYER CONTRIBUTIONS

Section 1.   The Trustees shall have the power to demand, collect and receive Employer Contributions from any contributing Employer on the actual number of hours for which each Employee has worked, and shall hold such monies for the purposes specified in Article III of this Agreement and Declaration of Trust.

Section 2. Any authorized representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer and to audit, examine and copy such books, records, papers and reports of the Employer as may be necessary to determine the number of employees, hours of work performed, place of performance and other information pertinent to a determination of the proper amount of such Employer's contribution to the Trust Fund.

Each Employer shall make these books, records, papers and reports available to any authorized representative of the Trustees for such purposes. In the event that the Trustees utilize legal counsel to aid them in securing compliance by any Employer with the provisions of this Article, such Employer shall be liable for all costs incurred, including, but not limited to, reasonable attorneys' fees, even though no legal proceedings are actually initiated, and court costs.

In the event the audit discloses that any Employer during the period of the audit, has underpaid its contributions the Employer shall be liable for the costs of the examination. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

Section 3. It is recognized and acknowledged by all parties including the Participating Employers, that the regular and prompt payment of contributions is essential to the maintentance of an employee benefit plan and that it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the plan which would result from the failure of an individual Employer to pay the required contributions within the time provided. Therefore, if any individual Employer is delinquent, i.e. shall fail to pay the required contribution by the due date, such Employer shall be additionally liable for liquidated damages in the aggregate sum of:

    (a)    $50.00 per month on each monthly report and/or contributions that are not received by the 15th of the month up to a maximum of $500.00; and

    (b)    twice the prime interest rate on the amount of each month's delinquent contributions, compounded monthly.

In the event the Trustees place the account in the hands of legal counsel for collection, the delinquent Employer shall be liable for reasonable attorneys' fees, and

9.

for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. The Trustees shall have the authority, however, to waive all or part of the liquidated damages, interest, attorneys' fees, or collections costs, for good cause shown.

## ARTICLE VI

### GENERAL POWERS AND DUTIES OF THE TRUSTEES

The Trustees shall have and are hereby given, in addition to those granted by law, or granted elsewhere in this instrument the complete right, title, control and supervision of the Trust Fund and Trust Estate and in connection therewith are given the power to:

Section 1.  Invest and reinvest such funds as in their sole judgment are not required to defray the current expenses of the Trust Fund;

Section 2.  Deposit uninvested funds forming part of the Trust Estate in such depositories as they may from time to time select such funds shall be deposited in federally insured accounts, except to the extent that the Trustees otherwise deem necessary or desirable;

Section 3.  Sell, exchange, lease, convey, or dispose of any property, real or personal, at any time forming part of the Trust Estate upon such terms and conditions as they deem proper and to execute and deliver any and all documents required in connection therewith;

Section 4.  Exercise options, conversion privileges, or rights to subscribe for additional securities and to make payment therefor;

Section 5.  Consent to, or participate in dissolutions, reorganizations, consolidations, mergers, sales, leases, mortgages, transfers or other changes affecting securities or investments held by them and in connection therewith to pay any assessment, subscription or other charges;

Section 6.  Enter into any and all contracts and agreements including, but not limited to Reciprocal Agreements with other employee benefit welfare plans which are in their opinion necessary or desirable to carry out the purposes of the Trust;